**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MAR 2 3 2015

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL NO.   14-CR-30199-NJR |
| vs. | ) | |
| | ) | |
| DOMINIQUE A. BURWELL, | ) | |
| a.k.a. "Rich" and "D," | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATION OF FACTS

Comes now the United States of America, by and through its attorneys, Stephen R. Wigginton, United States Attorney for the Southern District of Illinois, and Kit Morrissey, Assistant United States Attorney, together with the defendant, Dominique Burwell, and his counsel, Todd M. Schultz, and herewith enter into the following stipulation of facts consistent with § 1B1.3 of the United States Sentencing Guidelines pertaining to the defendant's relevant conduct.

From in or about September 2012, to in or about October 2014, in Marion County, in the Southern District of Illinois, the defendant agreed with his co-defendants, Darnell Baker and Marquise Ross, to work together to distribute heroin for profit.   Baker is his cousin and Ross is a friend of both the defendant and Baker.   The defendant and his co-defendants shared a cellular telephone which customers would contact to order heroin.   The defendant often answered the shared cellular telephone, took the order, and then sent Baker or Ross to complete the transaction with the customer at whatever location in Marion County was designated by the defendant.

On July 29, 2014, a confidential informant (CI) working under the direction of law enforcement, contacted the shared cellular telephone and placed an order for heroin.   The CI

believed he spoke with Ross on this occasion.   It was agreed that the transaction would be completed at the CI's residence.   The CI was provided $200 by law enforcement and instructed to negotiate the purchase 1.5 grams of heroin for $200, due to being "shorted" on his last transaction with the group.   Ross arrived at the CI's house, but was unwilling to sell him what he had for $200.   Thereafter, Ross called the defendant using the speaker function, and the CI negotiated with the defendant for the cost of the heroin.   The defendant agreed to allow Ross to sell the heroin for $200, but advised the CI he owed $20.   The CI then paid Ross $200 and Ross provided the CI with .96 gram heroin.   The transaction was captured on an audio video recording.

The relevant conduct attributable to the defendant is 696 grams of heroin.

This stipulation of facts is intended only to provide the Court with a sufficient foundation to accept the defendant's guilty plea and is not an exhaustive account of the defendant's involvement in or knowledge regarding this or other criminal activity.


SO STIPULATED:


DOMINIQUE A. BURWELL
Defendant


TODD M. SCHULTZ
Attorney for Defendant

Date:  03-09-15


KIT R. MORRISSEY
Assistant United States Attorney


Date: March 23, 2015